NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 31 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERNANDO JOSE GOMEZ-RODAS | No. 16-72852 |
| Petitioner, | Agency No. A206-680-881 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2019**
Pasadena, California

Before: WARDLAW and LEE, Circuit Judges, and KENNELLY,*** District
Judge.

Fernando Jose Gomez-Rodas, an unaccompanied minor and a native and

citizen of El Salvador, petitions for review of a Board of Immigration Appeals

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

(BIA) decision affirming the Immigration Judge's (IJ) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the BIA's determination that Gomez is ineligible for asylum or withholding of removal because he failed to show that his proposed social group, "young Salvadoran men who are opposed to gang membership and do not have tattoos," is cognizable.[1] *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010) (standard of review); *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) ("An asylum or withholding applicant's burden includes … 'demonstrating the existence of a cognizable particular social group' . . . ." (quoting *Matter of W –G–R–*, 26 I. & N. Dec. 208, 223 (BIA 2014))). A cognizable "particular social group" must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Reyes*, 842 F.3d at 1131 (*quoting M–E–V– G–*, 26 I. & N. Dec. 227, 237 (BIA 2014)).

The country conditions evidence demonstrates that tattoos are one of the

---

[1] Because substantial evidence supports the BIA's determination that Gomez failed to establish a cognizable particular social group, we need not determine whether he suffered or fears persecution. 8 U.S.C. §§ 1231(b)(3)(A), 1158(b)(1). We note, however, that in finding that Gomez did not suffer past persecution, the BIA correctly considered Gomez's perspective as a minor. *See Hernandez-Ortiz v. Gonzales*, 496 F.3d 1042, 1046 (9th Cir. 2007).

most distinctive traits of the violent gang Mara Salvatrucha (the Mara), that children in areas of El Salvador controlled by the Mara are subjected to forced recruitment, and that those who oppose recruitment risk harassment, extortion, or death. This evidence, though tragic, does not compel the conclusion that Gomez's proposed social group is sufficiently discrete or recognized by society as a distinct group. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 746 (9th Cir. 2008) (holding "young men in El Salvador resisting gang violence" is "too loosely defined" to constitute a cognizable social group), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc); *Matter of S –E–G*, 24 I. & N. Dec. 579, 586–88 (BIA 2008) (holding the group "young Salvadorans who have been subject to recruitment efforts by criminal gangs, but who have refused to join for personal, religious, or moral reasons" is neither socially distinct nor particular).

2. We lack jurisdiction over Gomez's petition to the extent it seeks review of his application for CAT protection because he did not raise any challenge to the IJ's denial of CAT protection before the BIA. *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc).

**PETITION DENIED.**

3